```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ERIC STANBARRY**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 11-1010**

**SHERIFF MARLIN GUSMAN, ET AL**                      **SECTION "B"(5)**

### REPORT AND RECOMMENDATION

Plaintiff, Eric Stanbarry, filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983, naming as defendants Orleans Parish Sheriff Marlin Gusman, along with Orleans Parish Prison personnel, Chief Gary Bordelon and Captain Carlos Louque. Plaintiff complains that he was convicted on October 10, 2010, but rather than being transferred to a state facility operated by the Louisiana Department of Public Safety and Corrections (DOC), he is incarcerated in Orleans Parish Prison (OPP). Plaintiff complains that by virtue of his placement in OPP, he is at a distinct disadvantage, as compared with other DOC prisoners, because he is being denied access to "classification personal [sic]". According to plaintiff, classification personnel are assigned to DOC inmates to assist with the inmates' "daily

needs", such as getting them enrolled in "self-help" and "work-release" programs and obtaining "transfers to other prisons". However, at OPP, such "classification" persons are not available. Plaintiff complains that other DOC inmates have access to these persons and, as such, get "help with important matters and issues". Specifically, plaintiff states that he wants to "speak to my classification personal [sic] about [a] transfer and [about] my prison time being wrong and have it corrected".[1]  In relief, plaintiff requests that he be sent to a DOC facility so he can "get help with my classification issues" and "be allowed to attend all self help programs" and "be able to be placed in work skills programs."

With respect to actions filed <u>in</u> <u>forma</u> <u>pauperis</u>, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-
>
>     (i) is frivolous or malicious;

---

[1] While plaintiff does not specify how classification personnel could assist in the area of "freedom of religion" and in attaining personal hygiene items, he suggests that at DOC facilities prisoners have "full First Amendment right[s]" and at OPP, "you have none". Further, plaintiff states that DOC inmates at OPP "are subject to having no soap or common hygene [sic] items for weeks at a time."

>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir.1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court

explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that plaintiff's action be dismissed as frivolous, for failing to state a claim on which relief may be granted.

First, inmates have no protected liberty interest in specific educational, rehabilitative or self-improvement opportunities. Lato v. Attorney Gen., 773 F.Supp. 973, 978 (W.D.Tex. 1991). "[A] state has no constitutional obligation to provide basic educational or vocational training to prisoners." Beck v. Lynaugh, 842 F.2d 757, 762 (5th Cir.1988) (citing Newman v. Alabama, 559 F.2d 283,

---

[2] The Court must liberally construe a pro se civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994).

292 (5th Cir.1977), rev'd in part on other grounds sub nom. Alabama v. Pugh, 438 U.S. 781 (1978)); accord Miles v. Windham Sch. Dist., 78 F. App'x 418, 419 (5th Cir.2003); Honshul v. Foti, 51 F.3d 1045, 1995 WL 153425, *2 (5th Cir. 1995).  Prisoners have no constitutional right to participate in educational, work release, rehabilitation or other self-improvement programs, particularly when no such programs exist at the facility.  Joseph v. U.S. Fed. Bureau of Prisons, 232 F.3d 901, 2000 WL 1532783, *1-2 (10th Cir. Oct. 16, 2000); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir.1992); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988); Newman, 559 F.2d at 292, rev'd in part on other grounds, 438 U.S. at 781; Oladipupo v. Austin, 104 F.Supp.2d 626, 638 (W.D.La. 2000).

Second, a prisoner has no federal constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another.  Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Fuselier v. Mancuso, 354 F. App'x 49, 49 (5th Cir.2009) (citing Olim, 461 U.S. at 245; Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.1996)); Biliski v.

5

Harborth*,* 55 F.3d 160, 162 (5th Cir.1995).[3]

Finally, plaintiff makes a passing reference to an alleged infringement on his freedom of religion and his lack of hygiene products. Plaintiff, however, provides no facts supporting these cursory statements nor does he provide any facts regarding what each individual defendant did which allegedly violated his rights.

Alternatively, as the state notes in its answer (rec. doc. 4) and as the grievances submitted by plaintiff in connection with his complaint (rec. doc. 1) confirm, plaintiff did not exhaust his available administrative remedies.

42 U.S.C. §1997e(a), enacted in 1996 by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion

---

[3]The Court also notes that inmates likewise have no such right under state law. Louisiana law expressly provides: "[A]ny individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. §15:824(A). State law further expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. §15:824(B)(1)(a). See*,* e.g.*,* Spurlock v. Gusman*,* 2010 WL 2102829, *8 n.5 (E.D.La. 2010), adopted*,* 2010 WL 2102825 (E.D.La. 2010).

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The United States Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "Futility is not an exception to the exhaustion requirement." Fontenot v. Global Expertise in Outsourcing, 232 Fed. App'x 393, 394 (5th Cir.2007).

Orleans Parish Prison utilizes a three-step grievance procedure which must be exhausted, i.e., all steps must be exhausted before an inmate may institute suit. Based upon the grievances attached to his complaint, it is clear that plaintiff submitted no grievances regarding any infringement on his freedom of religion or his lack of hygienic products. Further, the grievances submitted by plaintiff reflect that plaintiff did not complete the three-step grievance process with regard to any of the allegations set forth in the instant complaint. Accordingly;

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that plaintiff's action be dismissed with prejudice as frivolous, for failing to state a claim on which

relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  26th  day of    May   , 2011.

                                            ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE